**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Phillip W. LIPSCOMB.**

Superior Court of Pennsylvania.

Argued Oct. 27, 1981.

Filed July 30, 1982.

John L. Brown, Jr., Assistant District Attorney, Beaver, for the Commonwealth, appellant.

Arnold Y. Steinberg, Ambridge, for appellee.

Before SPAETH, HESTER and JOHNSON, JJ.

HESTER, Judge:

This is a Commonwealth appeal from an Order of the Court of Common Pleas of Beaver County sustaining a demurrer. The procedural history and facts relevant to the issue on appeal are as follows:

On October 17, 1980, at 2:15 a. m., appellee was observed operating a 1975 Pontiac at a high rate of speed travelling south on Merchant Street in Ambridge, in the middle of the street, without lights, by the arresting officer. Since the officer was answering a burglary call at the time, he was unable to pursue the appellee.

At 2:30 a. m. the same day, appelle was again observed by the officer who was seated in a patrol car stopped at a red light in the 1100 block of Merchant Street in Ambridge. The officers heard brakes being applied from behind them and it was necessary to pull forward into the intersection to avoid being struck from the rear. The arresting officer got out of the patrol car, observed appellee's 1975 Pontiac and went over to the vehicle. He noticed a strong odor of alcohol which continued to be present after appellee stepped out of the car although the odor of alcohol was not appellee's breath. Appellee then fell against the vehicle and was unable to be given a field sobriety test. He was taken to the police station, where he was given a breathalizer analysis with a result of .14 blood alcohol content. At the close of the Commonwealth's case, the trial court sustained a demurrer. This appeal followed.

The Commonwealth contends on appeal that the trial court erred in granting the demurrer due to the fact that there was sufficient evidence presented to support a conviction for driving under the influence.

After carefully reviewing the record, we agree.

Accordingly, the Order of the trial court is reversed, and the case is remanded for a new trial.

JOHNSON, J., concurs in the result.