J. A20005/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RICHARD A. VAUGHN SR., | : | No. 94 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered June 13, 2018,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0001395-2016

BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED: NOVEMBER 19, 2019**

Richard A. Vaughn, Sr., appeals from the June 13, 2018 judgment of

sentence entered by the Court of Common Pleas of Franklin County following

his conviction of corruption of minors, unlawful contact with a minor—sexual

offenses, criminal attempt (indecent assault of a person less than 16 years of

age), and indecent assault of a person less than 16 years of age.[1]  After careful

review, we affirm.

The record reflects the following factual and procedural history:  On the

evening of March 19, 2016, the victim was at the apartment of his stepmother,

B.D.P., with his brother and appellant.  (Notes of testimony, 2/6/18 at 20-22.)

---

[1]  18 Pa.C.S.A.  §§  6301(a)(1)(ii),  6318(a)(1),  901(a),  and  3126(a)(8),
respectively.

Appellant had been talking to B.D.P., whom he was dating, when he started wrestling with the victim. (*Id.* at 21, 23.) As he was wrestling with the victim, appellant grabbed the victim's "private area" and "started [] rubbing it and putting it up against him through [the victim's] clothes, but he didn't go through [the victim's] clothes." (*Id.* at 23.) The victim also testified that appellant French kissed him, which the victim testified tasted like coffee and cigarettes. (*Id.* at 25-26.) B.D.P. testified that appellant admitted to her that he kissed the victim and that he had sexually explicit dreams about the victim. (*Id.* at 49-50.)

A jury convicted appellant of the aforementioned offenses on February 6, 2018. On June 13, 2018, the trial court sentenced appellant to a term of 25-50 years' incarceration. On June 14, 2018, the trial court granted appellant's motion for an extension of time to file post-sentence motions. Appellant timely filed post-sentence motions on July 23, 2018, which the trial court denied in an order entered December 13, 2018. Appellant filed a notice of appeal on January 11, 2019.

Before we can address the issues appellant raises on appeal, we must first determine whether this appeal is properly before us. Where, as here, the defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion. *See* Pa.R.Crim.P. 720(B)(3)(a). When the motion is deemed denied by operation of law, the clerk of courts shall enter an order deeming the motion denied on

behalf of the trial court and serve copies on the parties. ***See*** Pa.R.Crim.P. 720(B)(3)(c). The notice of appeal shall be filed within 30 days of the entry of the order denying the motion by operation of law. ***See*** Pa.R.Crim.P. 720(A)(2)(b).

Here, the 120-day period for decision on appellant's post-sentence motion expired on November 20, 2018. The clerk of courts, however, failed to enter an order deeming the motion denied by operation of law on that date. Instead, the trial court ruled on the motion on December 13, 2018, outside the 120-day period, and appellant filed a notice of appeal within 30 days of the entry of that order. Ordinarily, such an appeal would be untimely. This court, however, has held that an administrative breakdown of the trial court occurs when the clerk of courts for the trial court fails to enter an order deeming post-sentence motions denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(c). ***See Commonwealth v. Patterson***, 940 A.2d 493, 498-499 (Pa.Super. 2007), citing ***Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa.Super. 2003). Accordingly, due to an administrative breakdown in trial court operations, we decline to quash appellant's appeal as untimely and will review appellant's appeal on its merits.

Appellant raises the following issues for our review:

> I.  Whether the trial court erred in denying appellant's request for a new trial on the grounds that Noella Rodriguez should have been allowed to authenticate and testify to the previous inconsistent statements of Commonwealth witness [B.D.P.]?

II.     Whether the trial court erred in finding sufficient evidence for a conviction for corruption of minors – defendant age 18 or above?

III.    Whether the trial court erred in finding sufficient evidence for conviction for unlawful contact with minor – sexual offenses?

IV.     Whether the trial court erred in finding sufficient evidence for conviction for criminal attempt – ind [sic] asslt [sic] person less [sic] 16 yrs [sic] age?

V.      Whether the trial court erred in finding sufficient evidence for conviction for ind [sic] asslt [sic] person less [sic] 16 yrs [sic] age?

VI.     Whether the trial court erred in finding that the conviction for corruption of minors – defendant age 18 or above was not against the weight of the evidence?

VII.    Whether the trial court erred in finding that the conviction for unlawful contact with minor – sexual offenses was not against the weight of the evidence?

VIII.   Whether the trial court erred in finding that the conviction for criminal attempt – ind [sic] asslt [sic] person less [sic] 16 yrs [sic] age was not against the weight of the evidence?

IX.     Whether the trial court erred in finding that the conviction for ind [sic] asslt [sic] person less [sic] 16 yrs [sic] age was not against the weight of the evidence?

Appellant's brief at 6 (extraneous capitalization and citations omitted).

In his first issue, appellant contends that the trial court erred when it did not permit him to call Noella Rodriguez to authenticate Facebook messages

allegedly sent to her by B.D.P. and to testify to the previous inconsistent statements allegedly made by B.D.P. (*Id.* at 13.)  Specifically, appellant avers that the Facebook messages and Rodriguez's testimony would establish that B.D.P. "acknowledged that she coerced the victim into fabricating the story, that she lied to law enforcement and that she knew he would be an easy target due to a past conviction."  (*Id.*)

Having determined, after careful review, that the Honorable Carol L. Van Horn, in her Rule 1925(a) opinion, ably and comprehensively disposes of appellant's first issue on appeal, with appropriate reference to the record and without legal error, we will adopt the trial court's opinion as our own and affirm on the basis of that opinion as to appellant's first issue.  Specifically, the trial court found that appellant, as the proponent of social media evidence, failed to present any direct or circumstantial evidence to establish that B.D.P. was the author of the communication in question.

In his final eight issues, appellant blends challenges of the sufficiency and the weight of the evidence.[2]  Our supreme court has explained the difference between the two distinct grounds for appealing a conviction:

---

[2] We note that the Pennsylvania Rules of Appellate Procedure require the argument section of a brief to be divided into as many parts are there are questions to be argued.  Pa.R.A.P. 2119(a).  Here, the argument section of the brief contains two headings corresponding to nine questions to be argued.  (*See* appellant's brief at 8-18.)  We have the authority to dismiss or quash an appeal if the defects in an appellant's brief are substantial and hinder our ability to render meaningful appellate review.   Pa.R.A.P. 2101; *Commonwealth v. Levy*, 83 A.3d 457, 461 n.2 (Pa.Super. 2013).  Here, we find that our ability to conduct meaningful appellate review has not been

The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, **Tibbs v. Florida**, 457 U.S. 31 [] (1982); **Commonwealth v. Vogel**, [] 461 A.2d 604 ([Pa.] 1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. **Id.**

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. **Commonwealth v. Karkaria**, [] 625 A.2d 1167 ([Pa.] 1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. **Commonwealth v. Santana**, [] 333 A.2d 876 ([Pa.] 1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Chambers**, [] 599 A.2d 630 ([Pa.] 1991).

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence[] concedes that there is sufficient evidence to sustain the verdict. **Commonwealth v. Whiteman**, [] 485 A.2d 459 ([Pa.Super.] 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. **Tibbs**, 457 U.S. at 38 n.11 []. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. **Commonwealth v. Brown**, [] 648 A.2d 1177 ([Pa.] 1994). A new trial

hindered, despite appellant's violation of the Rules of Appellate Procedure. Accordingly, we shall reach a decision on the merits.

> should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. [***Thompson v. City of Philadelphia***, 493 A.2d 669, 673 (Pa. 1985).] A trial judge must do more than reassess the credibility of the witnesses and allege that he would not have assented to the verdict if he were a juror. Trial judges, in reviewing a claim that the verdict is against the weight of the evidence do not sit as the thirteenth juror. Rather, the role of the trial judge is to determine that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." ***Id.***

***Commonwealth v. Widmer***, 744 A.2d 745, 751-752 (Pa. 2000) (footnote omitted).

We first turn to appellant's sufficiency of the evidence claims. Appellant argues that the Commonwealth failed to introduce sufficient evidence to warrant convictions of corruption of minors, unlawful contact with a minor, indecent assault, and criminal attempt (indecent assault). (Appellant's brief at 5.) In his brief, appellant acknowledges, "if the fact finder believes the testimony of the victim, then the evidence is unequivocally sufficient." (***Id.*** at 10.) Appellant, however, also contends that the "right to challenge the sufficiency of the evidence must still exist, even if the fact finder believes the uncorroborated testimony of a sexual assault victim." (***Id.***) We find that appellant waived his sufficiency of the evidence claims on appeal.

> [W]hen challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Pa.R.A.P.] 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal. Such specificity is of particular

importance in cases where, as here, the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

***Commonwealth v. Hoffman***, 198 A.3d 1112, 1125 (Pa.Super. 2018), quoting ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa.Super. 2009), ***appeal denied***, 3 A.3d 670 (Pa. 2010).

Here, in his Rule 1925(b) statement, appellant generally alleges that the trial court erred in finding that the Commonwealth put forth sufficient evidence to convict appellant of corruption of minors, unlawful contact with a minor (sexual offenses), indecent assault, and criminal attempt (indecent assault). (***See*** appellant's Rule 1925 statement.) Appellant does not identify which element or elements in which the Commonwealth failed to meet its burden for any of the convictions for which he is challenging the sufficiency of the evidence. Accordingly, appellant has waived these issues on appeal.[3]

---

[3] Even if appellant were to have preserved the sufficiency of the evidence issue on appeal, his argument that the "right to challenge the sufficiency of the evidence must still exist, even if the fact finder believes the uncorroborated testimony of a sexual assault victim," runs counter to our established case law. We have repeatedly held that the "uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." ***Commonwealth v. Cramer***, 195 A.3d 594, 602 (Pa.Super. 2018), citing ***Commonwealth v. Castelhun***, 889 A.2d 1228, 1232 (Pa.Super. 2005) (collecting cases). This court has further held that even in cases where defense witnesses present contradictory evidence, a victim's uncorroborated testimony, if believed by the fact-finder, is sufficient to warrant a conviction of sexual offenses. ***Commonwealth v. Davis***, 650 A.2d 452, 455 (Pa.Super. 1994), ***aff'd. on other grounds***, 674 A.2d 214 (Pa. 1996) (collecting cases).

*Hoffman*, 198 A.3d at 1125, quoting *Gibbs*, 981 A.2d at 281; *Commonwealth v. Williams*, 959 A.2d 1252, 1257-1258 (Pa.Super. 2008).

In his weight of the evidence challenge, appellant dismisses the testimony against him at trial as "nonsensical and contradictory." (Appellant's brief at 11.) Appellant further argues that "[i]t is preposterous to believe that [appellant], who had never before met the victim or his brother, decided to sexually assault the victim immediately after meeting him, in front of his brother and the person he considers to be his mother." (*Id.*) In closing, appellant argues the following:

> The evidence that should be believed is that of [appellant]; [t]hat he did not sexually assault a child that he had just met; that he did not sexually assault a child in front of his brother and stepmother without either one noticing; that he did not admit to or make the outlandish and horrific allegations as claimed by [B.D.P.].

*Id.* at 12.

> The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses. *Commonwealth v. Johnson*, [] 668 A.2d 97, 101 ([Pa.] 1995). . . . An appellate court cannot substitute its judgment for that of the jury on issues of credibility. *Commonwealth v. DeJesus*, [] 860 A.2d 102, 107 ([Pa.] 2004).

*Commonwealth v. Palo*, 24 A.3d 1050, 1055 (Pa.Super. 2011), *appeal denied*, 34 A.3d 828 (Pa. 2011).

Here, appellant extends an invitation for us to reassess the jury's credibility determinations in his favor. This is an invitation that we must

decline. Because we cannot substitute the jury's judgment on witness credibility with our own, we conclude that the trial court did not abuse its discretion when it denied appellant's weight of the evidence claims.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2019

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania,** | : | **CRIMINAL ACTION** |
| | : | |
| **vs.** | : | **No: 1395-2016** |
| | : | |
| **Richard A. Vaughn,** | : | **Post Conviction Relief Act** |
| **Defendant** | : | |
| | : | **Honorable Carol L. Van Horn** |

## OPINION *sur* PA. R.A.P. 1925(a) AND ORDER OF COURT



FEB 05 2019
ATTEST: A TRUE COPY
Barbara E. Black
Clerk of Courts

**Before Van Horn, P.J.**

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | **CRIMINAL ACTION** |
| | : | |
| vs. | : | **No: 1395-2016** |
| | : | |
| Richard A. Vaughn, | : | **Post Conviction Relief Act** |
| Defendant | : | |
| | : | **Honorable Carol L. Van Horn** |

## STATEMENT OF THE CASE

On February 6, 2018, following a jury trial, Richard Vaughn ("Defendant") was convicted of 18 § 6301 §§A1ii, Corruption of Minors – Defendant Age 18 or Above, 18 § 6318 §§A1, Unlawful Contact With Minor – Sexual Offenses, 18 § 901 §§A, Criminal Attempt – Indecent Assault Person Less than 16 Years of Age, and 18 § 3126 §§A8, Indecent Assault Person Less than 16 Years of Age. On June 13, 2018, the Defendant was sentenced to an aggregate term of 25-50 years of incarceration in a state correctional facility and was classified as a tier III sex offender. On July 23, 2018, the Defendant filed a Motion for Post-Sentence Relief. A hearing was held on September 6, 2018. The Defendant filed a Brief in Support of Motion for Post-Sentence Relief on October 5, 2018. The Commonwealth filed a Brief in Support on November 8, 2018. On December 12, 2018, this Court entered an Order and Opinion Denying Defendant's Post-Sentence Motion.

On January 11, 2019, Defendant filed a Notice of Appeal. On January 14, 2019, this Court directed the Defendant to file a Concise Statement of the Errors Complained of on Appeal ("Concise Statement") pursuant to Pa.R.A.P. 1925(b)(1). Defendant filed a Concise Statement on January 25, 2019. The Court will now respond to Defendant's claims of error in this Opinion and Order of Court pursuant to Pa.R.A.P. 1925(a).

## ISSUES

Defendant raises the following issues in his Concise Statement:

1. Whether the Trial Court erred in denying Appellant's request for a new trial on the grounds that Noella Rodriguez should have been allowed to authenticate and testify to the previous inconsistent statements of Commonwealth witness Bonnie Del Pezzo.

2. Whether the Trial Court erred in finding sufficient evidence for the convictions for 18 § 6301 §§A1ii Corruption of Minors – Defendant Age 18 or Above, 18 § 6318 §§A1 Unlawful Contact With Minor, 18 § 901 §§A Criminal Attempt – Indecent Assault Person Less than 16 Years of Age, 18 § 3126 §§A8 Indecent Assault Person Less than 16 Years of Age?

3. Whether the Trial Court erred in finding the convictions for 18 § 6301 §§A1ii Corruption of Minors – Defendant Age 18 or Above, 18 § 6318 §§A1 Unlawful Contact With Minor, 18 § 901 §§A Criminal Attempt – Indecent Assault Person Less than 16 Years of Age, 18 § 3126 §§A8 Indecent Assault Person Less than 16 Years of Age were not against the weight of the evidence?

3

## DISCUSSION

I.    Whether the Evidence at Trial Was Insufficient to Support the Convictions

The standard for review for sufficiency of the evidence was included in this Court's December 13, 2018 Opinion and Order of Court which is attached. In order to prove a charge of Indecent Assault Person Less than 16 Years of Age, the Commonwealth is required to show that the complainant is less than 16 years of age, and the defendant is four or more years older than the complainant and the complainant and the defendant are not married. In addition, the Commonwealth must show that the defendant had indecent contact with the complainant, caused the complainant to have indecent contact with the defendant, or intentionally caused the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the defendant or the complainant. 18 Pa.C.S. § 3126 (a)(8).

The evidence at trial showed the victim to be 13 or 14 years old at the time of the alleged crimes.[1] Transcript of Proceedings of Trial-by-Jury ("T.P."), *Com. v. Vaughn*, No. 1395 of 2016, February 6, 2018, 20-21. Evidence was presented indicating that the Defendant was more than four years older than the victim. T.P., 41. The victim in this case testified to the Defendant grabbing the victim's private parts and the Defendant putting the victim's private parts against the Defendant

---

[1] The victim testified at the trial on February 6, 2018. At the time of his testimony he testified that he was 15 years old and he testified about events that took place in March 2016. T.P., 21.

4

through the victim's clothing. T.P. 23. The victim also testified that the Defendant tongue-kissed the victim. T.P., 25.

After the completed indecent assault articulated above, evidence was presented that the Defendant attempted to assault the victim again. In order to prove a charge of Criminal Attempt – Indecent Assault Person Less than 16 Years of Age, the Commonwealth must show that a defendant, with the intent to commit a specific crime, does any act which constitutes a substantial step toward the commission of the crime. 18 Pa.C.S. § 901.

Evidence at trial shows that after the Defendant grabbed the victim's private parts and tongue-kissed him, he again attempted to grab the victim's private area, but the victim was able to wrest himself away from the Defendant's grasp. T.P., 26-27.

In order to prove a charge of Unlawful Contact with Minor – Sexual Offenses, the Commonwealth must show that a defendant was intentionally in contact with a minor and committed any of the specified offenses in Chapter 31, Sexual Offenses. In the instant case the offense is Indecent Assault Person less than 16 Years Old; the elements are listed above. 18 Pa.C.S. § 6318 (a)(1).

There was evidence presented at trial indicating the Defendant's intention to make contact with the victim on several occasions during the events described by the victim. The Defendant initiated the contact. T.P., 24. He grabbed the victim

5

and started shaking him. T.P., 24. The Defendant grabbed the victim's private area intentionally. T.P., 25. The Defendant intentionally tongue-kissed the victim. T.P., 25.

The other issues raised by Defendant in his Concise Statement mirror the issues raised in his Post-Sentence Motion and they were thoroughly addressed by this Court in our December 13, 2018 Opinion and Order of Court which is attached. Accordingly, this Court declines to address the issues again, and we refer the Superior Court to the reasoned analysis set forth in our previous Opinion.

In summary, this Court found the Defendant was unable to sufficiently authenticate the written evidence being offered and that the Defendant's prospective witness was unable to reliably verify that the person she communicated with over electronic means was the Commonwealth's witness, so the Defendant was therefore unable to offer reliable impeachment evidence of a prior inconsistent statement. This Court also found the Defendant's weight and sufficiency arguments to be without merit. For these reasons, this Court respectfully requests that the Superior Court affirm our December 13, 2018 Order dismissing Defendant's claims.

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | **CRIMINAL ACTION** |
| | : | |
| vs. | : | **No: 1395-2016** |
| | : | |
| Richard A. Vaughn, | : | **Post Conviction Relief Act** |
| Defendant | : | |
| | : | **Honorable Carol L. Van Horn** |

## ORDER OF COURT

**AND NOW THIS _5_ DAY OF FEBRUARY, 2019,** pursuant to Pa. R.A.P. 1931(c),

**IT IS HEREBY ORDERED THAT** the Clerk of Courts of Franklin County shall promptly transmit to the Prothonotary of the Supreme Court the record in this matter along with the attached Opinion *sur* Pa. R.A.P. 1925(a).

*Pursuant to Pa. R. Crim. P. 114, the Clerk of Courts shall immediately docket this Opinion and Order of Court and record in the docket the date it was made. The Clerk shall forthwith furnish a copy of the Opinion and Order of Court, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof.*

By the Court,

*Carol J. Van Horn*

Carol L. Van Horn, J.

copies:
Franklin County District Attorney's Office
Shawn M. Stottlemyer, Esq., Counsel for Defendant

IN THE COURT OF COMMON PLEAS OF THE 39··· JUDICIAL DISTRICT
OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | CRIMINAL ACTION |
| | : | |
| vs. | : | No: 1395-2016 |
| | : | |
| Richard A. Vaughn, | : | |
| Defendant | : | |
| | : | Honorable Carol L. Van Horn |

## OPINION AND ORDER

Before Van Horn, J.

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

Commonwealth of Pennsylvania,          :          **CRIMINAL ACTION**
                                       :
vs.                                    :          **No: 1395-2016**
                                       :
Richard A. Vaughn,                     :
             Defendant                 :
                                       :          **Honorable Carol L. Van Horn**

## STATEMENT OF THE CASE

On February 6, 2018, following a jury trial, Richard Vaughn ("Defendant") was convicted of 18 § 6301 §§A1ii, Corruption of Minors – Defendant Age 18 or Above, 18 § 6318 §§A1, Unlawful Contact With Minor – Sexual Offenses, 18 § 901 §§A, Criminal Attempt – Indecent Assault Person Less than 16 Years of Age, and 18 § 3126 §§A8, Indecent Assault Person Less than 16 Years of Age. On June 13, 2018, the Defendant was sentenced to an aggregate term of 25-50 years of incarceration in a state correctional facility and was classified as a tier III sex offender. On July 23, 2018, the Defendant filed a Motion for Post-Sentence Relief. A hearing was held on September 6, 2018. The Defendant filed a Brief in Support of Motion for Post-Sentence Relief on October 5, 2018. The Commonwealth filed a Brief in Support on November 8, 2018.

Pennsylvania Rule of Criminal Procedure 720 provides that the trial judge shall decide the motion within 120 days or the motion will be considered denied as a matter of law, unless an extension is granted. Here, once the Post-Sentence Motion was filed, the Court granted the parties a great deal of time to develop arguments both before and after the hearing. Although it is currently more than 120 days since the filing of the Post-Sentence Motion, the Court will

2

nonetheless render an Opinion on the merits. It is further noted that the Clerk of Courts has not entered an Order deeming the Motion denied. Pa.R.Crim.P. 720(B)(3)(c).

## ISSUES

The Defendant raised two issues in his Motion for Post-Sentence Relief and his Brief in Support of Motion for Post-Sentence Relief.

1. In the Defendant's Motion for Judgment of Acquittal, the defendant claims that there is insufficient evidence to sustain a conviction for Indecent Assault of a Person Less than 16 Years of Age or for Criminal Attempt; therefore there is insufficient evidence to sustain convictions for Corruption of Minors – Defendant Age 18 or Above or for Unlawful Contact with Minor – Sexual Advances. In the alternative, in his Motion for the Arrest of Judgment, he challenges the weight of the evidence claiming that no probability of fact can be drawn from the combined circumstances and that the stories told by the victim and the Commonwealth's witness are nonsensical and contradictory. He requests that the Court grant the Defendant a verdict of not guilty on all counts or grant a new trial because of this insufficiency and weight issue.

2. In his Motion for a New Trial the Defendant claims that he attempted to offer impeachment evidence in the form of a prior inconsistent statement made by Bonnie Del Pezzo. The evidence consisted of screen shots of a Facebook Messenger conversation that purportedly took place between Bonnie Del Pezzo, witness for the Commonwealth, and Noella Rodriguez. The Defendant claims that the messages allegedly sent by Bonnie Del Pezzo show a "conspiracy to have defendant prosecuted for alleged sexual contact with the alleged victim."[1] The Defendant claims the Court erred when he was not permitted to call Noella Rodriguez to the stand in order to authenticate the screen shots of

---

[1] Defendant's Motion for Post-Sentence Relief, 1395-2017, filed July 23, 2018, para. 20.

3

messages allegedly sent using Facebook's Messenger application. The Defendant also claims Noella Rodriguez should have been able to testify about inconsistent statements purportedly made by Bonnie Del Pezzo over the Facebook Messenger application.

## PRETRIAL

The Defendant first mentioned electronic communications between Bonnie Del Pezzo and Noella Rodriguez in a *pro se* Motion for Discovery filed on December 21, 2016.[2] Counsel for the Defendant filed a discovery request on April 13, 2017; there was no mention of electronic data pertaining to communications between Bonnie Del Pezzo or Noella Rodriguez. The Commonwealth turned over copies of the screen shots to the defense. In the Defendant's Motion to Modify Bail, filed on November 6, 2017, the Defendant first mentioned the screen shots of the Facebook Messenger messages purportedly reflecting a conversation between Bonnie Del Pezzo and Noella Rodriguez.

On January 12, 2018, the Defendant filed a Motion to Compel. In the motion, the Defendant made several arguments and requests related to the disputed Facebook Messenger conversation:

1. The Commonwealth's duty to disclose requires the prosecution to obtain and turn over the electronic data pertaining to the purported conversation. *Commonwealth v. Burke*, 781 A2d 1136 (Pa. 2001); *Brady v. Maryland*, 373 U.S. 83 (1963).

2. The Commonwealth has a duty not to use perjured testimony in efforts to convict and may not acquiesce to its witnesses' perjured testimony. *Commonwealth v. Martinez*, 380 A.2d 747 (Pa. 1977).

---

[2] *Pro se* Motion for Discovery, 1395-2016, filed on December 21, 2016.

4

3. Defendant requested the Court to order Bonnie Del Pezzo to comply with the Defendant's subpoena which requested data related to Bonnie Del Pezzo's Facebook account.

4. Defendant requested that the Court order Facebook to produce information relating to the purported Facebook Messenger conversation.

On January 26, 2018, the Court denied the Defendant's Motion to Compel.[3] The Court noted that the defense had not provided authority to support its position that the Commonwealth should be made to authenticate Facebook messages. It also noted that the defense had been provided with copies of the screen shots which could be used in cross-examination of the Commonwealth's witness. The ruling was based on the Commonwealth's assertion that it had provided the Defendant with everything in its file regarding the Facebook Messenger conversation.

## DISCUSSION

I.    Whether the Evidence at Trial Was Insufficient to Support the Convictions or Whether the Verdict is Against the Weight of the Evidence

The first issue in this Post-Sentence Motion concerns the sufficiency and weight of the evidence presented at trial. The standard for review for a sufficiency of the evidence challenge is well settled:

> The standard we apply in reviewing the sufficiency of evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our own judgment for the fact finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain

---

[3] Order of Court, CR-1395-2016, January 26, 2018.

5

its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of evidence produced, is free to believe all, part or none of the evidence.

*Com. v. Mucci*, 143 A.3d 399, 408-409 (Pa. Super. 2016).

The Defendant claims that because there was insufficient evidence to support the convictions, the convictions should be reversed. Regarding the weight of the evidence, the Defendant acknowledges precedent whereby the uncorroborated testimony of a sexual assault victim is sufficient to convict a defendant, *Com. v. Davis*, 650 A.2d 452, 455 (Pa. Super. 1994), but posits that in this case the verdict is so contrary to the evidence that it shocks one's sense of justice. *Com. v. Charlton*, 902 A.2d 554, 561 (Pa. Super. 2006).

In order to prove a charge of Corruption of Minors – Defendant Age 18 or Above, the Commonwealth is required to show that a defendant is over 18 years of age, and that he, by the commission of any act in violation of Chapter 31 (relating to sexual offenses), corrupted or tended to corrupt the morals of any minor less than 18 years of age. 18 Pa.C.S. § 6301 (A)(1)(ii). In the instant case, the act in violation of Chapter 31 is Indecent Assault.

In order to prove a charge of Indecent Assault Person Less than 16 Years of Age, the Commonwealth is required to show that the complainant is less than 16 years of age, and the defendant is four or more years older than the complainant and the complainant and the defendant are not married. In addition, the Commonwealth must show that the defendant had indecent contact with the complainant, caused the complainant to have indecent contact with the defendant, or intentionally caused the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the defendant or the complainant. 18 Pa.C.S. § 3126 (a)(8).

6

248

In order to prove a charge of Criminal Attempt – Indecent Assault Person Less than 16 Years of Age, the Commonwealth must show that a defendant, with the intent to commit a specific crime, does any act which constitutes a substantial step toward the commission of the crime. 18 Pa.C.S. § 901.

In order to prove a charge of Unlawful Contact with Minor – Sexual Offenses, the Commonwealth must show that a defendant was intentionally in contact with a minor and committed any of the specified offenses in Chapter 31, Sexual Offenses. In the instant case the offense is Indecent Assault Person less than 16 Years Old; the elements are listed above. 18 Pa.C.S. § 6318 (a)(1).

Regarding sufficiency, the evidence at trial showed the victim to be 13 years old at the time of the alleged crimes. The victim in this case testified to the Defendant grabbing the victim's private parts and the Defendant putting the victim's private parts against the Defendant through the victim's clothing. Transcript of Proceedings of Trial-by-Jury ("T.P."), *Com. v. Vaughn*, No. 1395 of 2016, February 6, 2018, 23. The victim also testified that the Defendant tongue-kissed the victim. T.P., 25. In addition to the victim's testimony, the victim's mother testified that the Defendant admitted to her that he had kissed the victim and had previous sexual thoughts and dreams about the victim. T.P., 49-50.

The jury in this case weighed the credibility of the victim and the witness and was able to determine from the evidence all the elements of the crimes were established. *Com. v. Hopkins*, 747 A.2d 910, 914 (Pa. Super. 2000). The verdict in the case is not contrary to the evidence and the Motion for Judgment of Acquittal is denied.

Regarding the weight of the evidence, the jury found the victim's testimony credible and chose not to believe the Defendant's version of the events when he testified. N.T., 125-50. The

7

249

fact-finder was permitted to resolve all issues of credibility, resolve conflicts in evidence, make reasonable inferences from the evidence, believe all, none, or some of the evidence and the jury ultimately judged the Defendant guilty. *Com. v. Gooding*, 818 A.2d 546 (Pa. Super. 2003). Based on this, we cannot conclude that the verdict is "so contrary to the evidence as to shock one's sense of justice." *Com. v. Charlton*, 902 A.2d at 561. The verdict was not against the weight of the evidence and the Motion in Arrest of Judgment is also denied.

II.  Whether Noella Rodriguez Should Have Been Permitted to Be Called to the Witness Stand In Order to "Testify and Authenticate" the Previous Inconsistent Statements

The first issue is whether the Court erred by denying the Defendant the opportunity to call Noella Rodriguez to have her authenticate the screen shots of a Facebook conversation purported to impeach Bonnie Del Pezzo's credibility as a witness. The second issue is whether the Court erred by denying the Defendant the opportunity to call Noella Rodriguez to testify to inconsistent statements made by Bonnie Del Pezzo via the Facebook Messenger application. For reasons stated below, the Court finds that it did not err by denying the Defendant the opportunity to call Noella Rodriguez for the authentication of the screen shots of the Facebook Messenger conversation. The Court also finds that it did not err by denying the Defendant the opportunity to call Noella Rodriguez for the purposes of impeachment of the witness because Bonnie Del Pezzo denied having the subject message conversation with Noella Rodriquez and she also denied ownership of the account from which the messages were sent.

A. Authentication of Screen Shots of Facebook Messenger Conversations

Authentication is required prior to the admission of evidence. The proponent of the evidence must introduce sufficient evidence that the matter is what it purports to be. Pa.R.E. 901(a). Testimony of a witness with personal knowledge that a matter is what it is claimed to be

8

*can be* sufficient. Pa.R.E. 901(b)(1) (*emphasis added*). Circumstantial evidence can also be used to establish authenticity if a person cannot authenticate the matter. Pa.R.E. 901(b)(4).

The question of what proof is necessary to authenticate social media evidence such as Facebook Messenger communication was dealt with by the Pennsylvania Superior Court in *Commonwealth v. Mangel*, 181 A.3d 1154, 1159-64 (Pa. Super 2018). The Court in *Mangel* outlined the few appellate cases in Pennsylvania that have contemplated the appropriate requirements necessary for the introduction of electronic communication evidence such as cell phone messages and social media communications over cell phones and computers. *Id.*

Pennsylvania appellate courts have established guidelines for the authentication of cell phone messages. *In the Interest of F.P., a minor*, 878 A.2d 91, 96; *Com. v. Koch*, 39 A.3d 996, 1005 (Pa. Super. 2011). The *In re F.P.* Court rejected the notion that electronic messages are inherently unreliable and asserted that the cases should be evaluated on a case-by-case basis to determine "whether or not there has been an adequate foundational showing of its relevance and authenticity." *Id.* The Court stated that the framework of Pa.R.E. 901 and Pennsylvania case law is sufficient to deal with authentication of evidence. *Id.* In *Koch*, the Court rejected the admission of cell phone message evidence, even though the cell phone was seized during the execution of a search warrant of the defendant's home and the defendant admitted to the ownership of the phone. *Koch*, 39 A.3d at 1000. The *Koch* Court acknowledged the challenges inherent in the authentication of electronic data:

> [T]he difficulty that frequently arises in e-mail and text message cases is establishing authorship. Often more than one person uses an e-mail address and accounts can be accessed without permission. In the majority of courts to have considered the question, the mere fact that an e-mail bears a particular e-mail address is inadequate to authenticate the identity of the author; typically, courts demand additional evidence.

*Id.* at 1004. Ultimately, the *Koch* Court ruled "authentication of electronic communications, like documents, requires more than mere confirmation that the number or address belonged to a

9

particular person. Circumstantial evidence, which tends to corroborate the identity of the sender, is required." *Id.* at 1005.

The Pennsylvania Superior Court, citing a United States Appeals Court for the Third Circuit decision, named factors for evaluating the authentication of certified Facebook computerized records under F.R.E. 901.[4] *Com. v. Mangel*, 181 A.3d 1154, 1161-62 (Pa. Super. 2018). Among the relevant factors: (1) the defendant testified that he owned the account from which the messages were sent; (2) the defendant testified that he owned the device where images were recovered that were sent after victims were commanded to do so by the defendant's Facebook messages; (3) in a post-arrest interview, the defendant provided passwords from the account from which Facebook messages were sent; and, most notably (4) the government supported the accuracy of the chat logs by obtaining them directly from Facebook and introducing a certificate attesting to the maintenance by the company's automated systems. *U.S. v. Browne*, 834 F.3d 403, 413 (3d Cir. 2016).

It is important to emphasize that this analysis in *Browne* was only done through the scope of certified records provided by Facebook. Once certified, the records also had to survive a vigorous authentication analysis because of the inherent danger that social media platforms can be accessed from any computer with the appropriate username and password. *Mangel*, 181 A.3d at 1162. Social media accounts also present a challenge because of the ease with which these accounts can be falsified. *Id.* So, the proponent of social media evidence must present direct or circumstantial evidence that tends to corroborate the identity of the author of the communication in question. Other state courts have generally held that the mere fact that an electronic

---

[4] Relevant to this analysis, Pa.R.E. 901(b)(4) is identical to F.R.E. 901(b)(4).

10

communication, on its face, purports to originate from a certain person's social networking account is generally insufficient, standing alone, to authenticate that person is the author. *Id.*

In the instant case, Bonnie Del Pezzo denied ownership of the account from which the messages represented in the screen shots were sent. T.P., 66. Bonnie Del Pezzo denied ownership of the device from which the messages were sent. Bonnie Del Pezzo did not provide passwords to the accounts. *Id.* The Defendant did not provide a certified record from Facebook about Noelle Rodriguez's Facebook account in an effort to authenticate the screen shots to be offered.

It is important to note that the Defendant was offering Noelle Rodriguez as a witness in an effort to authenticate the screen shots as impeachment extrinsic evidence. It is significant that Bonnie Del Pezzo admitted to communicating with Noella Rodriguez on Facebook Messenger after the date of the alleged crime, T.P., 67, but Noella Rodriguez's testimony alone is not enough to authenticate the screen shots. Her authentication would have been valuable if it had been accompanied by some of the other types of evidence mentioned in the cases referenced herein. Precedence requires more evidence of the authenticity of written evidence. For the aforementioned reasons, the Court finds that it did not err by preventing Noella Rodriguez's from authenticating the Facebook account screen shots as evidence of a prior inconsistent statement made by Bonnie Del Pezzo.

B. Testimony About Prior Inconsistent Statements for the Purpose of Impeachment

Rule 613 of the Pennsylvania Rules of Evidence includes a provision for the impeachment of a witness's prior inconsistent statement:

**Rule 613. Witness's Prior Inconsistent Statement to Impeach; Witness's Prior Consistent Statement to Rehabilitate.**

...

11

(b)     *Extrinsic Evidence of a Witness's Prior Inconsistent Statement.*  Unless the interest of justice otherwise require, extrinsic evidence of a witness's prior inconsistent statement is admissible only if, during the examination of the witness,

(1)     the statement, if written, is shown to, or not written, its content are disclosed to, the witness;

(2)     the witness is given an opportunity to explain or deny the making of the statement; and

(3)     an adverse party is given an opportunity to question the witness.

A prior inconsistent statement offered for the purposes of impeaching a witness is not hearsay.  Our courts permit non-party witnesses to be cross-examined on prior statements if those statements contradict their in-court testimony and are offered for the purposes of impeachment. *Com. v. Brady*, 507 A.2d 66, 68 (Pa. 1986).  *Com. v. Lively* addressed the limitation of prior inconsistent statements to impeachment purposes except in very limited circumstances. *Com. v. Lively*, 610 A.2d 7 (Pa. 1992).  *Lively* limited the use of prior inconsistent statements for a substantive purpose to instances where the declarant made the statement under oath at a formal proceeding, reduced the statement to a writing signed and adopted by the witness/declarant, or where there are contemporaneous verbatim recordings of the statement. *Id.* at 10.

The Superior Court of Pennsylvania elaborated on the justification for allowing extrinsic evidence for impeachment purposes that Rule 613 of the Pennsylvania Rules of Evidence provides:

> The common law has long recognized the right of a party to impeach the credibility of an adverse witness by introducing evidence that the witness made one or more statements inconsistent with his testimony at trial, so long as the inconsistency is not collateral to the issues in the case.  Such an inconsistent statement need not be under oath.

*Com v. Brown*, 448 A.2d 1097, 1103-04 (Pa. Super. 1982).

In order to utilize prior inconsistent statements, "there must be evidence that the statement was made or adopted by the witness whose credibility is being impeached.

12

*Commonwealth v. Baez*, 431 A.2d 909, 912 (Pa. 1981)("[I]t is axiomatic that when attempting to discredit a witness' testimony by means of a prior inconsistent statement, the statement must have been made or adopted by the witness whose credibility is being impeached.").

In the instant case, Bonnie Del Pezzo does not adopt the statements that she purportedly made on Facebook Messenger, so it was proper for the Court to exclude any testimonial impeachment evidence about the messages. Said another way, Bonnie Del Pezzo denies making the statements that the screen shots purport to show. T.P., 66. The authentication analysis of the screen shot evidence commented on above is not directly applicable to testimonial impeachment evidence, but because there is no authority to cite regarding impeachment by prior inconsistent statements made over computers or cell phones with the use of social media applications, this Court finds that the impeachment evidence offered in this case was not reliable. The Court is especially cognizant of the ease with which these accounts can be falsified. *Mangel*, 181 A.3d at 1162. The witness being offered by the Defendant could not verify that Bonnie Del Pezzo was the owner of the account or that the witness was actually communicating with Bonnie Del Pezzo. Since Bonnie Del Pezzo did not adopt the conversation, because Noella Rodriguez did not witness Bonnie Del Pezzo type the messages, and because ownership of the account used in the messages conversation was not established, any testimony about the conversation is too unreliable to be used as impeachment evidence of a prior inconsistent statement pursuant to Pa.R.E. 613.

The Court notes that counsel for both the Commonwealth and the Defendant were mistaken about the nature of the evidence at trial. T.P., 79-80. Counsel for the Defendant stated that "[i]t is not extrinsic" when referring to the testimony that Noella Rodriquez would offer if called. T.P., 75. Counsel for the Defendant also stated "I don't believe it's being offered to

13

impeach." T.P., 79. Counsel for the Commonwealth tried to characterize this type of prior inconsistent statement as evidence that requires an exception to hearsay. There is no exception to hearsay required for extrinsic impeachment evidence of a witness's prior inconsistent statement. It is not examined under the rubric of hearsay evidence because it is not offered for the substantive purposes, but for impeachment purposes. *Brady*, 507 A.2d at 68. Counsel for both the Commonwealth and the Defendant were unable to cite the appropriate Pennsylvania Rule of Evidence to support the arguments being advanced. N.T., 78-80.

The Court also acknowledges that this is not a thoroughly developed area of the law in Pennsylvania and while there is case law on point in *Mangel* that addresses the authentication of Facebook messages, *Mangel*, 181 A.3d at 1161-62, there is no case law addressing the reliability of testimony regarding conversations conducted via social media applications. In this Opinion, the factors used in *Mangel* to evaluate the reliability of testimony regarding a social media conversation were considered in determining that the offered testimony lacked the degree of reliability necessary.

The Court finds that it did not err by preventing Noella Rodriguez from testifying about a prior inconsistent statement made by Bonnie Del Pezzo because the Defendant offered no evidence in support of his position that Bonnie Del Pezzo actually communicated the statements via the Facebook Messenger application.

## CONCLUSION

After careful and diligent review, the Court finds that the verdict in the case is not contrary to the evidence and the Court finds the verdict was not against the weight of the evidence. For these reasons, the Defendant's Motions for Judgment of Acquittal and Arrest of

14

Judgment have no merit and are denied. The Court finds that it did not err when it, in the absence of any other authentication evidence, prevented Noella Rodriguez from authenticating the Facebook Messenger screen shots being offered as evidence. The Court finds that it did not err when it prevented Noella Rodriguez from testifying to a prior inconsistent statement made by Bonnie Del Pezzo via a social media application.

Having found that the Court did not err in its rulings at trial, pursuant to the attached Order, the Defendant's Motion for a New Trial is denied.

15

# IN THE COURT OF COMMON PLEAS OF THE 39TH JUDICIAL DISTRICT OF PENNSYLVANIA - FRANKLIN COUNTY BRANCH

| | | |
|---|---|---|
| Commonwealth of Pennsylvania, | : | CRIMINAL ACTION |
| | : | |
| vs. | : | No: 1395-2016 |
| | : | |
| Richard A. Vaughn, | : | |
| Defendant | : | |
| | : | Honorable Carol L. Van Horn |

## ORDER OF COURT

AND NOW this _13th_ day of December, 2018, upon the review and consideration of the relevant statutes, rules and case law;

**THIS COURT FINDS** that the verdict in this case was not contrary to the evidence and the Court finds the verdict was not against the weight of the evidence; the Defendant's Motions for Judgment of Acquittal and Arrest of Judgment have no merit and are DENIED.

**THIS COURT ALSO FINDS** that that it did not err in its rulings at trial; therefore, the Motion for a New Trial is DENIED.

*Pursuant to Pa.R.Crim.P. 114, the Clerk of Courts shall immediately docket this Order and record in the docket the date it was made. The Clerk shall forthwith furnish a copy of the Order, by mail or personal delivery, to each party or attorney, and shall record in the docket the time and manner thereof.*

By the Court,

_Carol L. Van Horn_
Carol L. Van Horn, J.

---

**The Clerk of Courts shall give notice to:**
Franklin County District Attorney's Office
Shawn M. Stottlemeyer, Esq., Counsel for Defendant